**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 13, 2015

Richard Pfeifer
4253 Hoffman Avenue
Spring Hill, FL 34606

LETTER TO PARTIES

      RE:   *Richard Pfeifer v. Commissioner, Social Security Administration*;
               Civil No. SAG-08-2809

Dear Mr. Pfeifer and Counsel:

     Because the procedural posture of this case is quite unusual, and because it is critical to the disposition of this case, it merits a detailed summary. Plaintiff, Richard Pfeifer, applied for Disability Insurance Benefits and Supplemental Security Income on March 3, 2006, and February 17, 2006, respectively. (Tr. 117-19, 452, 456-59). In his applications, Mr Pfeifer alleged a disability onset date of May 31, 2005. (Tr. 117, 456). His applications were denied initially and on reconsideration. (Tr. 81-82, 92-96). A hearing was held on December 13, 2007, before an Administrative Law Judge ("ALJ"). (Tr. 53). Following the hearing, the ALJ determined that Mr. Pfeifer was not disabled. (Tr. 50-63). The Appeals Council ("AC") denied Mr. Pfeifer's request for review on August 21, 2008. (Tr. 44-48). Notably, after the AC declined to review the ALJ's initial hearing decision, Mr. Pfeifer filed a subsequent application for benefits. (Tr. 21). The Commissioner granted that application, and found Mr. Pfeifer disabled as of August 22, 2008. *Id.*

     On October 21, 2008, Mr. Pfeifer petitioned this Court to review the Social Security Administration's original decision to deny his claims. (ECF No. 1). The Commissioner, however, filed a Consent Motion to Remand Mr. Pfeifer's case, because the recording of the ALJ hearing was partially or totally blank. (ECF No. 10). The Court granted the Commissioner's motion, (ECF No. 11), and a second hearing before the same ALJ was held on June 29, 2009, (Tr. 492-509). During the second hearing, the parties discussed the fact that Mr. Pfeifer had been found disabled in the context of his subsequent application for benefits. (Tr. 496). Nevertheless, following the second hearing, the ALJ again determined that Mr. Pfeifer was not disabled within the meaning of the Social Security Act. (Tr. 18-33). On May 2, 2011, the AC denied Mr. Pfeifer's request for review, (Tr. 6-8), so the ALJ's second hearing decision constitutes the final decision of the agency, reviewable by this Court. Because this Court retained jurisdiction of Mr. Pfeifer's civil action, on August 18, 2014, the Commissioner filed a Motion to Reopen, which the Court granted. (ECF Nos. 15, 16).

*Richard Pfeifer v. Commissioner, Social Security Administration*
Civil No. SAG-08-2809
February 13, 2015
Page 2

Mr. Pfeifer, who was represented by counsel in his administrative proceedings, now appears in this Court *pro se*. I have considered Mr. Pfeifer's November 18, 2014, correspondence to the Court and the Commissioner's Motion for Summary Judgment. (ECF Nos. 23, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion and remand the case to the agency for further consideration. This letter explains my rationale.

I have reviewed the ALJ's second hearing decision on Mr. Pfeifer's original applications, and the medical record evidence, and it appears that the selection of the disability onset date for Mr. Pfeifer's subsequent application was premised solely on the date of the first AC denial, not on any arguable deterioration of or change in Mr. Pfeifer's medical condition. Moreover, it is apparent from the second hearing and the ALJ's corresponding decision that the ALJ was aware that Mr. Pfeifer had been found disabled as of August 22, 2008.[1] (Tr. 21, 496). In considering Mr. Pfeifer's original applications on remand, the ALJ was within her authority to determine that Mr. Pfeifer was not disabled as of his May 31, 2005, alleged onset date. However, by virtue of the fact that her decision on the original applications was made after the award of benefits on the subsequent application, the ALJ was bound by the Commissioner's determination that Mr. Pfeifer was disabled as of August 22, 2008. Absent an indication that some event occurred on August 22, 2008, to change Mr. Pfeifer's status, common sense dictates that the ALJ had a duty to reconcile her decision with the intervening award of benefits, and to determine when, between May 31, 2005, and August 22, 2008, Mr. Pfeifer became disabled. In the absence of an intervening event justifying the two different outcomes, or any discussion of the reason for the difference in his medical condition between the two applications, I cannot determine that the ALJ's second hearing decision was supported by substantial evidence. It is thus appropriate to remand the case for further consideration of the appropriate onset date of Mr. Pfeifer's disability.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 24) is DENIED. The ALJ's opinion is VACATED and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

---

[1] This case is analytically similar to cases in which a claimant's subsequent application is granted between the administrative and judicial review stages of an earlier application, and the subsequent granting of benefits constitutes new and material evidence that merits remand under sentence six of 42 U.S.C. § 405(g), *See, e.g., Jackson v. Comm'r Soc. Sec. Admin.*, Civil No. SAG-13-3579, 2014 WL 4471530, at *2-3 (D. Md. Sept. 8, 2014) (remanding under sentence six due to an absence of intervening circumstances that would justify two different outcomes). However, this case is procedurally distinguishable from those cases because the evidence of the award of benefits for Mr. Pfeifer's subsequent application was available to Mr. Pfeifer at the administrative stage – at the second ALJ hearing – of his earlier application. Accordingly, Mr. Pfeifer cannot seek a sentence six remand, because the evidence of the subsequent award does not constitute "evidence not available to the claimant at the time of the administrative proceeding." *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

*Richard Pfeifer v. Commissioner, Social Security Administration*
Civil No. SAG-08-2809
February 13, 2015
Page 3

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                   /s/

                Stephanie A. Gallagher
                United States Magistrate Judge